# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Nathan H. Phillips,           )  | |
|                               ) | Civil Action No.: 4:11-cv-01018-JMC |
|             Plaintiff,   ) | |
|                               ) | |
| v.              ) | **OPINION AND ORDER** |
|                               ) | |
| Michael J. Astrue,           ) | |
| Commissioner of the Social Security   ) | |
| Administration            ) | |
|                               ) | |
|             Defendant.   ) | |
| _____) | |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 23], filed on June 11, 2012, addressing Plaintiff Nathan H. Phillips's claims for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33, 1381-83(c). The Administrative Law Judge ("ALJ") determined that Plaintiff is not disabled within the meaning of the Act and thus not entitled to benefits. The Magistrate Judge concluded that he was unable to determine whether the ALJ's decision was supported by substantial evidence. Therefore, the Magistrate Judge recommended that the Commissioner's decision be reversed and remanded to the Commissioner for additional administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Plaintiff argues that the ALJ erred in making a determination of disability without hearing testimony from a vocational expert, relying instead on the medical-vocational guidelines (the "Grids") to determine that Plaintiff was not disabled. The ALJ found that Plaintiff, who suffers from

1

back and neck pain due to disc bulges as well as depression, has the residual functional capacity to perform light work with some physical restrictions as well as restrictions limiting Plaintiff to "simple repetitive routine tasks with limited social interaction." [Social Security Administrative Record at 24 [Dkt. No. 15-2 at 24].  The Magistrate Judge determined that these restrictions could limit the full range of work within the light work category into which the ALJ placed Plaintiff.  In addition, the Magistrate Judge determined that Plaintiff's depression-related difficulties with regard to concentration, persistence, or pace could affect the occupational base for unskilled work.  For these reasons, the Magistrate Judge was unable to determine whether the ALJ's findings were supported by substantial evidence and whether the ALJ's reliance on the Grids was in error.  The Magistrate Judge recommends the matter be reversed and remanded to allow the Commissioner to consider testimony by a vocational expert to address hypotheticals based on Plaintiff's impairments and to specifically identify any available jobs that Plaintiff could perform within his limitations.  The Report and Recommendation sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02  for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Commissioner timely filed objections [Dkt. No. 25] to the Magistrate Judge's Report. In his objections, the Commissioner argues that the ALJ properly determined that Plaintiff's limitations performing unskilled work with limited social interaction would not significantly erode the occupational base for unskilled light work because such work typically involves working with objects rather than people. In addition, the Commissioner cites the opinions of the reviewing physicians in this case who concluded that Plaintiff's depression did not sufficiently erode the occupational base in the light work category.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The court finds that the Magistrate Judge performed a proper analysis of the record and cited the correct law followed in this circuit governing the use of the Grids in making disability determinations. Specifically, the Magistrate Judge correctly determined that where a plaintiff has an exertional impairment and a non-exertional impairment that affects his residual functional capacity to perform work of which he is exertionally capable, the Commissioner may not rely on the Grids but must use expert vocational testimony to show that specific jobs exist in the national economy that Plaintiff can perform. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983); *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984). In this case, the Magistrate Judge was unable to determine whether substantial evidence existed such that the ALJ's use of the Grids was proper in finding Plaintiff was not disabled.

After a thorough review of the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 23] and incorporates it herein. For the reasons set out in the Report, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with the Magistrate Judge's recommendation.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
August 30, 2012