# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Nathan H. Phillips, ) | |
| ) | Civil Action No.: 4:11-cv-01018-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon Plaintiff's Petition for Fees Under the Equal Access to Justice Act ("EAJA") [Dkt. No. 32], pursuant to 28 U.S.C. § 2412(d). The Commissioner of the Social Security Administration (the "Commissioner") opposes the petition on the ground that his position in this litigation was substantially justified.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff in this case was forty-six years old at the time of the Administrative Law Judge's ("ALJ") decision. He has not engaged in substantial gainful activity since his alleged disability onset date of June 30, 2004, as a result of back and neck pain due to disc bulges and depression. In May 2007, Plaintiff filed an application for disability benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff's application was denied at the administrative level and upon reconsideration. The ALJ granted a hearing in which Plaintiff appeared and testified. The ALJ subsequently issued an unfavorable decision on December 22, 2009, finding Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision.

On April 29, 2011, Plaintiff filed an action in this court alleging that 1) the ALJ erred in using the medical vocational guidelines (the "Grids") to direct a finding that Plaintiff was not disabled, rather than relying on a vocational expert; 2) that the ALJ failed to properly evaluate the opinions of Plaintiff's treating physicians; and 3) that the ALJ erred in failing to consider the combined effects of Plaintiff's severe and non-severe impairments.  *See* Plaintiff's Brief [Dkt. No 18].  The Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action.  *See* Magistrate Judge's Report [Dkt. No. 23].  The Magistrate Judge recommended remand because he was unable to determine whether the ALJ's finding of no disability was supported by substantial evidence.  Specifically, the Magistrate Judge found that Plaintiff's depression would likely have prevented Plaintiff from performing the full range of work within a Grid category, thus precluding the use of the Grids to direct a finding of not disabled.  *See* Report [Dkt. No. 23, at 8].  The Magistrate Judge did not decide the merits of the remainder of Plaintiff's allegations of error but recommended that the ALJ reevaluate the evidence with regard to those claims on remand.  By its Order of August 30, 2012 [Dkt. No. 29], this court accepted the Magistrate Judge's Report and reversed and remanded the case to the Commissioner for further proceedings.  Because Plaintiff was the prevailing party in challenging the Commissioner's final decision, Plaintiff now seeks an award of attorney fees under the EAJA.

## STANDARD OF REVIEW

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." *Thompson v. Sullivan,* 980 F.2d 280, 281 (4th

Cir. 1992) (internal quotation marks omitted).  The government has the burden of demonstrating substantial justification in both fact and law.  *Id.*  "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness."  *Smith v. Heckler,* 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted).  If the Commissioner's position is based on an arguably defensible administrative record, then it is substantially justified.  *Crawford v. Sullivan,* 935 F.2d 655, 658 (4th Cir. 1991).  The government's position may be justified even though it is incorrect and may be substantially justified if a reasonable person could believe the government's position was appropriate.  *Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988).  The court must look to the totality of the circumstances to determine whether the government's position is substantially justified. *Creech v. Barnhart*, 213 F. App'x 194, 196 (4th Cir. 2007).

## DISCUSSION

Plaintiff contends that he is entitled to attorney's fees because the ALJ violated clearly established precedent in this circuit and the Commissioner's own regulations which preclude reliance on the Grids to direct a disability finding where the claimant suffers from both exertional limitations and nonexertional limitations, such as depression.  *See Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); 20 C.F.R. § 404, app. 2, Sec. 201.00(h).  Plaintiff's reading of *Walker* is incomplete.  As the Magistrate Judge correctly noted, "not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids." *Walker* 899 F.2d at 49 (citing *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983)).  Instead, the relevant inquiry is "whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." *Id*.  Where a person's "nonexertional maladies [do] not significantly affect his ability to perform

3

work of which he was exertionally capable . . . a straightforward application of the grids" is appropriate. *Smith v. Schweiker*, 719 F.2d 723, 724 (4th Cir. 1984).

In this case, the ALJ determined that Plaintiff's subjective complaints about the limitations imposed by his depression were not fully credible. The ALJ further determined that Plaintiff retained the residual functional capacity to perform light exertion work with additional nonexertional limitations that did not erode the occupational base at the unskilled light exertion level. The ALJ reasoned that Plaintiff's depression would not significantly affect his ability to perform light unskilled work because such work typically involves working with objects rather than with people, *see* SSR 85-15, and because such work needs little or no judgment to do simple duties that can be learned on the job in a short period of time, *see* 20 C.F.R. § 404.1568(a). The Magistrate Judge was unable to determine whether the ALJ's finding of no disability was supported by substantial evidence, finding that it was likely that Plaintiff's depression would have prevented him from being able to perform the full range of work activity within a Grid category.

While the government was unsuccessful in its arguments, it was substantially justified in the position it took. A position can be justified even though it is not correct and can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact. *Pierce,* 487 U.S. at 566 n. 2. In this case, the government's position that the ALJ did not err by relying solely on the Grids was reasonable in law and in fact.

## CONCLUSION

Therefore, Plaintiff's Petition for Fees Under the Equal Access to Justice Act [Dkt. No. 32] is **DENIED**.

**IT IS SO ORDERED.**

5

_J. Michelle Childs_

United States District Judge

April 19, 2013
Florence, South Carolina